**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40333**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 634 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 20, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANTHONY DEAN HOMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order relinquishing jurisdiction, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a sentence of a unified term of life imprisonment, with a minimum period of confinement of four years, and an order denying an I.C.R. 35 motion for reduction of sentence. We affirm.

Anthony Dean Homan pled guilty to rape. I.C. §§ 18-6101, 19-2514, and 19-2520G. In exchange for his guilty plea, an allegation that Homan was a persistent violator and a prior sex offense enhancement were dismissed. The district court sentenced Homan to a unified term of life imprisonment, with a minimum period of confinement of ten years. The district court retained jurisdiction, and Homan was sent to participate in the rider program.

1

After Homan completed his rider, the programming manager at the Department of Correction recommended probation. The district court, however, relinquished jurisdiction and reduced Homan's sentence to a unified term of life imprisonment, with a minimum period of confinement of four years. Homan filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Homan appeals, claiming that the district court erred by refusing to grant probation in light of the recommendation of probation, argues that his modified sentence is excessive, and asserts that the district court erred in denying his Rule 35 motion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Homan has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Homan also contends that the unified sentence of life imprisonment, with a minimum period of confinement of four years, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Homan argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Homan's case. The record does not indicate that the district court abused its discretion in this case.

Homan also argues that the district court erred in denying his Rule 35 moion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the

sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Homan has failed to show that the district court abused its discretion in denying his Rule 35 motion.

The order of the district court relinquishing jurisdiction, Homan's modified sentence, and the district court's order denying Homan's Rule 35 motion are affirmed.